IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,358-03




 


EX PARTE STEVIE GLENN WINSTON, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER W89-81523-H(B) IN THE CRIMINAL

DISTRICT COURT OF DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of possession of cocaine and was sentenced to ten years and
one day in prison. The conviction was affirmed on appeal. Winston v. State, No.
05-89-01208-CR (Tex. App.--Dallas, delivered April 15, 1991, pet. ref'd).

 Applicant contends that he is not being credited with street time earned while on
conditional release. On a previous remand the trial court relied on a previously submitted
affidavit to conclude that Applicant is entitled to credit for that time. However, neither that
affidavit nor anything else included in this record reflects the date on which the parole
violator warrant or summons that resulted in the revocation of Applicant's parole was issued. 
Additional information is necessary to resolve this street time claim.

 Because this Court does not hear evidence, though, the trial court is the appropriate
forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial
court shall resolve this issue as set out in Article 11.07, Section 3(d), of the Texas Code of
Criminal Procedure, in that it shall order the Parole Division of the Texas Department of
Criminal Justice to file an affidavit, with supporting documentation, addressing what date
the parole violator warrant or summons was issued and why this sentence did not expire
before that warrant was issued. The trial court may also order depositions, interrogatories,
or hold a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 

 Following the receipt of additional information, the trial court shall make additional
findings of fact and conclusions of law regarding the date the warrant or summons was
issued and the reason this sentence did not expire before that issuance. The trial court may
also make any further findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, this application for a post-conviction writs of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: March 21, 2007

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.